**Miller v. Berschler**

*Paul R. Beckert Jr.,* for plaintiff.
*Jeffrey B. Albert,* for defendants.

GARB, *P.J.,* February 3, 1992—In this legal malpractice action, the defendant seeks summary judgment. A previous motion for summary judgment resulted in its being partially granted and partially denied. See *Miller v. Berschler,* 57 Bucks L. Rep. 50 (1989).

This is a negligence action brought by plaintiff against his former attorney. Plaintiff was represented by defendants in a divorce proceeding. In the course of that proceeding, a settlement agreement was entered into between plaintiff and his former wife. By virtue of that agreement, the plaintiff agreed to certain alimony payments. The agreement specifically provided that those alimony payments shall be made until such time as the plaintiff retires from his then employment or the wife remarries, whichever occurred sooner. The agreement made no provision for termination of alimony payments upon employment by wife or her cohabitation with a person of the opposite sex. The negligence action is premised upon the alleged negligence of the defendant in permitting the plaintiff to enter into such an agreement regarding alimony.

By virtue of our prior opinion and order, we granted partial summary judgment with respect to those pro-

visions regarding termination of alimony upon employment of wife. That decision was based upon the application of the appropriate statute of limitations. However, we denied summary judgment on the cohabitation issue on the basis that there were certain undecided questions of fact on this record. This motion for summary judgment on that issue is premised upon an asserted change in the law of Pennsylvania established subsequent to our previous opinion and order.

Based upon the Supreme Court decision in *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick,* 526 Pa. 541, 587 A.2d 1346 (1991), we believe that summary judgment must be granted for the defendant. In that case, defendant attorney had represented the plaintiffs in a medical malpractice suit against a doctor and hospital resulting from the death of their infant son. After negotiations and a pre-trial conference, the case was settled for $26,500. After the settlement had been agreed upon by the plaintiffs in that case, they changed their mind and reneged on the agreement to settle. The defendant in that case brought an action in the Court of Common Pleas of Allegheny County to enforce the settlement. They were successful in doing so. That order was affirmed by the Superior Court. Thereafter, the plaintiffs sued the attorney alleging negligence in recommending to them that they accept that settlement. On preliminary objections, the trial court dismissed the complaint on the basis that the action was barred by the Superior Court's decision in the medical malpractice case affirming the settlement on the basis of collateral estoppel. On appeal, the Superior Court reversed holding that the order sustaining the preliminary objections could not be affirmed upon

the doctrine of collateral estoppel. The Supreme Court granted allocatur and reversed the Superior Court not on the basis of collateral estoppel but rather on the basis that the preliminary objections should have been granted because the plaintiffs had failed to state a claim upon which relief can be granted. The Supreme Court's holding was as follows:

"This case must be resolved in light of our long-standing public policy which encourages settlements. Simply stated, we will not permit a suit to be filed by a dissatisfied plaintiff against his attorney following a settlement to which the plaintiff agreed, unless the plaintiff can show he was fraudulently induced to settle the original action. An action should not lie against an attorney for malpractice based on negligence and/or contract principles when that client has agreed to a settlement. Rather, only cases of fraud should be actionable."

It is clear that in this case there is no fraud asserted or established. There is no assertion that plaintiff entered into the separation agreement based upon any fraudulent inducement by the defendant. Rather, the complaint asserts and it is apparently the plaintiff's position that the defendant was negligent for his failure to advise the plaintiff with respect to section 507 of the Divorce Code of 1980. See the Act of April 2, 1980, P.L. 63, No. 26 §507, 23 P.S. §507. While that failure or lapse in representation may constitute a cause of action in a legal malpractice action under some other circumstances, we do not believe that it does, in the case before us, where it forms part of an agreement to settle a matter in litigation between two contesting parties as a result of the holding of *Muhammad:*

"The primary reason we decide today to disallow negligence or breach of contract suits against lawyers after a settlement has been negotiated by the attorneys and accepted by the clients is that to allow them will create chaos in our civil litigation system. Lawyers would be reluctant to settle a case for fear some enterprising attorney representing a disgruntled client will find a way to sue them for something that *could have been done, but was not.* We refuse to endorse a rule that will discourage settlements and increase substantially the number of legal malpractice cases. A long-standing principle of our courts has been to encourage settlements; we will not now act so as to discourage them." *Muhammad,* 526 Pa. at 548, 587 A.2d at 1349. (italics furnished)

We emphasize that this was a settlement agreement. We recognize that the complaint is directed not so much with amount of money involved as with specific provisions of the contract of settlement. We might observe that the public policy espoused as the basis for *Muhammad,* in some respects, is of stronger application in this case than one where the only issue is the amount of money to be received or paid by the client. Attorneys fearful of whom may be looking over their shoulder may be reluctant to advise a client with respect to the specifics of a settlement agreement. Of course, such considerations would not apply where there was fraud in the inducement exercised by the attorney:

"We do believe, however, there must be redress for the plaintiff who has been *fraudulently induced* into agreeing to settle. It is not enough that the lawyer who negotiated the original settlement may have been negligent; rather, the parties seeking to pursue a case

against his lawyer after a settlement must plead, with specificity, fraud in the inducement." *Muhammad*, 526 Pa. at 552, 587 A.2d at 1351. (italics in original)

"So that the plaintiff has been defrauded may have redress, however, we would permit him to proceed under a theory of fraud against the attorney who represented him in the original action." *Muhammad*, at 552, 587 A.2d at 1351.

For the foregoing reasons, we believe that *Muhammad* controls the suit now before us and therefore mandates that summary judgment be entered for the defendant.

## ORDER

And now, February 3, 1992, it is hereby ordered that summary judgment be entered for the defendants and against the plaintiff.